UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE

CIVIL ACTION NO. 04-149-DLB

PAUL D. STANLEY                                                                    PLAINTIFF

vs.                            **MEMORANDUM OPINION & ORDER**

JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION                                    DEFENDANT

*******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Paul D. Stanley filed applications for a period of disability, Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on December 26, 2001. (Tr. 57, 266)  His applications were denied initially and on reconsideration. (Tr. 40, 45; 272, 278)  Plaintiff requested a hearing before an administrative law judge (tr. 49), which was held on December 3, 2002, in Prestonburg, Kentucky. (Tr. 282-316)  The ALJ subsequently ruled on June 27, 2003, that Plaintiff was not under a disability and was not eligible for DIB or SSI payments. (Tr. 13-22)  This decision was approved by the Appeals Council on February 21, 2004. (Tr. 4)

Plaintiff, who was 51 years old at the time of the hearing, has a high school education.  He alleges an onset date of May 20, 2001, due to back pain, leg pain, vision

loss, hearing loss, shortness of breath and wheezing, chest pain, bad nerves, fatigue, insomnia, and headaches. (Tr. 15, 61, 270).

On March 23, 2004, Plaintiff filed the instant action. The matter has culminated in cross motions for summary judgment, which are ripe for the Court's review.

## II.  DISCUSSION

### A.  Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security,* 336 F.3d

469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date (May 20, 2001).  At Steps 2 and 3, the ALJ found that Plaintiff's claudication in his legs, visual loss, hearing loss, chronic obstructive pulmonary disease, and borderline intellectual functioning constitute severe impairments.  Though not expressly identified by Plaintiff as an illness, injury, or condition that limits his ability to work, the ALJ also found that Plaintiff has a severe impairment of alcohol abuse.  The ALJ concluded, however, that Plaintiff does not have an impairment or combination of impairments that meet or medically equal any listed impairment found in Appendix 1 to Subpart P of Regulations No. 4.

At Step 4, the ALJ found that Plaintiff possessed the residual functional capacity (RFC) to perform a significant range of light work.  From an exertional standpoint, the ALJ found that Plaintiff can lift and/or carry 20 pounds occasionally, 10 pounds frequently, and that he should not engage in prolonged walking due to leg cramps.  In addition to these exertional limitations, the ALJ found Plaintiff has a number of nonexertional limitations.  Specifically, Plaintiff must avoid exposure to loud noise without hearing protection; working in jobs requiring depth perception and peripheral vision; and excessive dust, fumes, and gases due to his mild chronic obstructive pulmonary disease.  The ALJ also found that Plaintiff reads at a fifth grade level and has moderate limitations in his ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances; deal appropriately with the public; but can understand and recall simple work,

complete routine mental aspects of work, tolerate co-workers and supervisors, and make needed changes at work. The ALJ concluded that Plaintiff is unable to perform his past relevant work as a store manager, produce manager, assistant produce manager, and meat cutter, given his RFC.

The ALJ therefore proceeded to the final step of the sequential evaluation. At Step 5, the ALJ found that there are jobs existing in significant numbers in the national economy that he could perform, including hand packager and price marker at the light level, and assembler and grader/sorter at the sedentary level. This conclusion resulted from testimony by a vocational expert ("VE"), in response to hypothetical questions involving an individual of Plaintiff's age, education, past relevant work experience, and RFC.

**C.     Analysis**

Plaintiff's sole challenge on appeal is that the ALJ erred in his credibility assessment. Plaintiff submits that the basis for this error was the ALJ's undue emphasis upon claimed inconsistencies between Plaintiff's hearing testimony and an Activities of Daily Living form completed by Plaintiff (with the assistance of staff from his attorney's office) almost a year earlier. (Tr. 94-97)

Determinations concerning credibility rest with the ALJ, not the court. *Felisky v. Bowen,* 35 F.3d 1027, 1036 (6th Cir. 1994); *Siterlet v. Sec'y of Health & Human Servs.,* 823 F.2d 918, 920 (6th Cir. 1987). It is, after all, the ALJ who is "charged with the duty of observing a witness's demeanor and credibility." *Walters v. Commissioner,* 127 F.3d 525, 531 (6th Cir. 1997).

In considering Stanley's subjective complaints of pain and limitations, the ALJ correctly looked to 20 C.F.R. §§ 404.1529 and 416.929, and to SSR 96-7p, for the

4

applicable standards. (Tr. 17)  SSR 96-7p clarifies when the evaluation of symptoms requires a finding about the credibility of a claimant's statements.

> If an individual's statements about pain or other symptoms are not substantiated by the objective medical evidence, the adjudicator must consider all of the evidence in the case record, including any statements by the individual and other persons concerning the individual's symptoms.  The adjudicator must then make a finding on the credibility of the individual's statements about symptoms and their functional effects.

SSR 96-7p, 1996 WL 374186, at *4.  In this case, the ALJ's decision contains a detailed review of Stanley's testimony as to the symptoms and limitations from his multiple impairments. (Tr. 17) The ALJ noted, however, that none of Plaintiff's treating sources provided assessments of his residual functional capacity, and that Plaintiff's subjective complaints were not supported by the medical records. (Tr. 17, 18) Given this, under SSR 96-7p the ALJ was therefore required to consider all of the evidence in the case record for purposes of assessing Stanley's credibility.

The Ruling explains that credibility is simply the extent to which a claimant's statements can be relied upon in determining whether the claimant is disabled.  "In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true.  When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements."  SSR 96-7p, 1996 WL 374186 at *4.  Reviewing the entire case includes the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or

5

psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the record. *Id.* at *1.

Exhibit 5E of the record (tr. 94-97) is the Activities of Daily Living form completed by Plaintiff on December 21, 2001. In his written decision, the ALJ noted that Plaintiff indicated on the form that he attends church once every two weeks, for approximately two hours, but at the December, 2002 hearing Plaintiff testified he attends church approximately once every two months. (Tr. 18) The ALJ further noted that the form indicates he takes care of his own money and bills, yet at the hearing Plaintiff testified his wife takes care of the household finances. (Tr. 18) These notations by the ALJ relate to his consideration of the consistency of Plaintiff's information. With respect to consistency, SSR 96-7p provides

> One strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record. The adjudicator must consider such factors as:
> . . . .
> * The consistency of the individual's own statements. The adjudicator must compare statements made by the individual in connection with his or her claim for disability benefits with statements he or she made under other circumstances, when such information is in the case record. Especially important are statements made to treating or examining medical sources and to the "other sources" defined in 20 CFR 404.1513(e) and 416.913(e). The adjudicator must also look at statements the individual made to SSA at each prior step of the administrative review process and in connection with any concurrent claim . . . .

SSR 96-7p, 1996 WL 374186, at *5. In his brief, Plaintiff argues that Exhibit 5E should not have been used by the ALJ in considering his credibility. But as noted above, the Ruling provides otherwise.

Plaintiff does not dispute the patent inconsistency in these statements as noted by the ALJ. Instead, in his brief Plaintiff seeks to offer an explanation for the inconsistency – that his condition likely worsened during the time Plaintiff was waiting for a hearing and this

6

is why his functional abilities changed. Plaintiff does not, however, cite to any portion of the record demonstrating that his condition and thereby his functional ability worsened during calendar year 2002. Indeed, the record reflects that when Plaintiff saw Dr. Stuart Cook on February 19, 2002, he again reported that he keeps up with his own money. (Tr. 191) Moreover, at the hearing Plaintiff testified that he vacuums the house (tr. 306), while on the Daily Activities form he indicated his wife does all of the housework, including vacuuming (tr. 95). This would suggest that by the time of hearing Plaintiff was functionally doing more around the house, rather than being more limited by a worsening of his condition.

More importantly, the ALJ's assessment of Plaintiff's credibility was not based solely upon any inconsistency between Plaintiff's testimony and the Activities of Daily Living form. Rather, the decision contains a lengthy summary of the ALJ's consideration of this issue. (Tr. 17-18) The ALJ first identifies his ultimate conclusion – that he declines to accept that Plaintiff's impairments are of the severity alleged. He then proceeds to explain this conclusion by summarizing Plaintiff's self-described limitations in exertional and nonexertional work requirements and in daily activities due to his conditions. He notes Plaintiff's description of his current medical treatment status and medicinal methods for coping. The ALJ then properly compares the professed limitations with the somewhat limited physical and mental health care treatment sought by Plaintiff, despite availability of health insurance. The ALJ notes that Plaintiff's subjective complaints do not comport with the lack of treatment, nor does the documentation of the treatment that was sought corroborate the severity of his complaints. The ALJ then considers not just the discrepancies between Plaintiff's statements and the Activities form, but the discrepancies

between his statements as to his alcohol status and what is stated by medical professionals in several of the medical records.  Finally, after considering this overall record, the ALJ concludes "[g]iven all of the above, I find that allegations of disabling pain, nervousness, shortness of breath and vision and hearing loss are deemed excessive, not fully credible and are treated accordingly." (Tr. 18)

Plaintiff has isolated one area in which he protests any perceived inconsistency by the ALJ can be explained away.  Though the Court does not agree with this characterization, even were it to be so inclined, credibility assessments are not piecemeal.  They are based upon the record as a whole, and Plaintiff has not challenged the other aspects of the detailed credibility analysis.  Based upon this assessment, the ALJ appropriately discounted giving full credibility to Plaintiff's allegations given the inconsistencies between his testimony and the medical and other evidence.  *Walters v. Commissioner,* 127 F.3d 525, 531 (6th Cir. 1997) ("discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence").

In summary, when there are discrepancies between the claimant's testimony and the written record, the reviewing court does not substitute its opinion for that of the ALJ.  *Gooch v. Sec'y of Health & Human Servs.,* 833 F.2d 589, 592 (6th Cir. 1987).  As the ALJ did an appropriate review of the total evidence of record, he did not commit reversible error by rejecting, to an extent, Plaintiff's testimony.  The record contains substantial evidence supportive of the ALJ's reasonable conclusion that Plaintiff's testimony was not entirely credible, and the Court defers to the ALJ in this regard.

### III.  CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #8) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #11) is hereby **GRANTED**.

A judgment affirming this matter will be entered contemporaneously herewith.

Dated this 22nd day of June, 2005.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-04-149-StanleyMOO.wpd